IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

RICARDO DYSON                                    *
        Petitioner,
        v.                                   *    CIVIL ACTION NO. JFM-12-2981
                                                 CRIMINAL NO. JFM-09-0636

UNITED STATES OF AMERICA                         *
        Respondent.
                                        ***

MEMORANDUM

The issues presented in this case are twofold: whether Ricardo Dyson's (hereinafter referred to as "petitioner") document should be construed as a 28 U.S.C. § 2255 motion to vacate and, if so, whether it was filed in a timely manner or is otherwise subject to a statutory or equitable tolling of the one-year limitations period found under § 2255.

Pursuant to the entry of a guilty plea, petitioner was sentenced to a 93-month term as to one count of possession with a firearm in furtherance of a drug trafficking crime and one count of possession of a firearm by a felon in violation of 18 U.S.C. § 924(c) and 18 U.S.C. § 9224(g)(1).[1] Judgment was entered on November 15, 2010. *See United States v. Dyson*, Criminal No. JFM-09-0636 (D. Md.). No appeal was filed.

On September 28, 2012, petitioner filed a motion for modification or reduction of sentence based on his plea bargain. ECF No. 68. Petitioner alleged that as part of the plea agreement he was to be provided care for his hernia and hemophilia. He claimed that he was denied this treatment. Petitioner further contended that defense counsel abandoned him and "did not give me his full ability." He claimed that he is "looking for 28 U.S.C. § 2255 relief for federal prisoners of sentence." This motion was accepted for filing as a 28 U.S.C. § 2255 motion to vacate, raising a

---

[1]      The counts were incorrectly referenced in the court's October 12, 2012 Order. Petitioner's criminal judgment related to two counts of firearm possession.

general challenge to the validity of his plea agreement and to the effectiveness of his defense

counsel.

Pursuant to the dictates of *Castro v. United States*, 540 U.S. 375 (2003) and *United States v.*

*Emmanuel*, 288 F.3d 644 (4th Cir. 2002), on October 12, 2012, petitioner was informed that the court

had re-characterized his filing as a motion to vacate and that this re-characterization meant that any

subsequent § 2255 motion filed would be subject to the restrictions as noted under 28 U.S.C. § 2255.

The court observed that § 2255 provided a one-year statute of limitations for the filing of a motion to

vacate.[2]  The undersigned questioned the timeliness of the motion and issued an Order which

granted petitioner the opportunity to file a memorandum explaining why the motion may be timely

or why equitable tolling may apply, as required pursuant to *Hill v. Braxton*, 277 F.3d 701, 706-07

(4th Cir. 2002).[3]

---

[2]   This section provides:

A 1-year period of limitation shall apply to a motion under this section. The limitation period shall run from the latest of-

(1)   the date on which the judgment of conviction becomes final;

(2)   the date on which the impediment to making a motion created by governmental action in violation of the Constitution or laws of the United States is removed, if the movant was prevented from making a motion by such governmental action;

(3)   the date on which the right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or

(4)   the date on which the facts supporting the claim or claims presented could have been discovered through the exercise of due diligence.

[3]   Again, petitioner, who is confined at the Federal Correctional Institution in Lexington, Kentucky, may wish to file a civil rights action alleging the denial of medical care for his hernia and

On November 1, 2012, the court received petitioner's response.  Petitioner indicates that he

wished to pursue his claims pursuant to § 2255.  He appears to raise an equitable tolling argument

contending that any delay in filing the motion was due to his belabored and unsuccessful attempts to

obtain his plea hearing and/or sentencing transcripts.  (ECF No. 70).  Petitioner complains that he

contacted the court reporter to gain information as to the cost of the transcripts and asked his defense

counsel for a copy of his plea hearing transcript.  He alleges that neither individual satisfactorily

responded to his requests and that the transcripts are necessary to show whether criminal judgment

was entered on one or two counts.  (ECF No. 70).

As already indicated, criminal judgment was entered against petitioner on November 15,

2010. He did not file an appeal within the fourteen day period set out under Fed. R. App. P.

4(b)(1)(A).  His judgment became final for the running of the statute of limitations of § 2255(1) on

November 29, 2010.  See *Sanchez-Castellano v. United States,* 358 F.3d 424, 428 (6th Cir. 2004);

*Moshier v. United States,* 402 F.3d 116, 118 (2[d] Cir. 2005) (unappealed federal criminal judgment

"becomes final when the time for filing a direct appeal expires").  The undated motion to vacate was

received for filing on September 28, 2012, [4] and was therefore filed in an untimely manner.

The one-year statute of limitations on § 2255 motions is, however, subject to equitable

tolling.  *See Harris v. Hutchinson*, 209 F.3d 325, 328 (4th Cir. 2000).  Equitable tolling applies only

in "those rare instances where – due to circumstances external to the party's own conduct – it would

be unconscionable to enforce the limitation period against the party and gross injustice would

---

hemophilia.  That action should be filed in the District of Kentucky. The appropriate forms may be obtained
from the District Court for the Eastern District of Kentucky, United States Courthouse and Post Office, 101
Barr Street, 2nd Floor, Lexington, Kentucky 40507.

[4]      The envelope in which the motion was received was not scanned in on the docket.

result." *Id.* at 330; *see also Holland v. Florida*, __ U.S. __, 130 S.Ct. 2549, 2560 (2010).  To equitably toll the limitations period, a prisoner must have pursued his rights diligently and an "extraordinary circumstance" prevented timely filing. *Id.* at 2562; *Pace v. DeGuglielmo*, 544 U.S. 408, 418 (2005) (one-year statute of limitations on petitions for federal habeas relief is subject to equitable tolling if petitioner shows that he has been pursuing his rights diligently and some extraordinary circumstance stood in his way and prevented timely filing of petition).

The court concludes that petitioner has failed to show "extraordinary circumstances" which would warrant equitable tolling of the filing deadline.  In *Little v. United States,* 184 F.Supp.2d 489, 493 (E.D. Va. 2002), the court found that a prisoner's difficulty in obtaining transcripts is not an extraordinary circumstance which justifies equitable tolling because a prisoner is not entitled to transcripts for the purpose of preparing a § 2255 motion.  *See* 28 U.S.C. § 753(f).  Petitioner's alleged inability to obtain a transcript of his plea or sentencing hearing, without more, is not an adequate basis for equitable tolling.  *See Gassler v. Bruton*, 255 F.3d 492, 495 (8th Cir. 2001). Because the factual basis for petitioner's claims as to the nature of his plea and the effectiveness of his counsel were known to him from the time of his plea and sentencing hearings, he has not established that his inability to obtain the transcripts warrants equitable tolling.  For these reasons, the motion shall be denied and dismissed as untimely.

When a district court dismisses a motion to vacate solely on procedural grounds, a certificate of appealability will not issue unless the petitioner can demonstrate both "(1) 'that jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right' and (2) 'that jurists of reason would find it debatable whether the district court was correct in its procedural ruling.'" *Rose v. Lee*, 252 F.3d 676, 684 (4th Cir. 2001) (*quoting Slack v. McDaniel*,

529 U.S. 473, 484 (2000).  Petitioner has not made the required showing and no certificate of

appealability shall issue.  A separate Order follows.



Date:  November  21, 2012.                    ___/s/_____
                                              J. Frederick Motz
                                              United States District Judge